UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM EMERICK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-610 DRL-MGG |
| ALBERT J. SCHLITT ESQUIRE, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

William Emerick filed a *pro se* complaint alleging legal malpractice, fraud, abuse of process, collusion, malfeasance, and other claims against an attorney and three law firms arising from a state court marriage dissolution action in Wabash County, Indiana. The law firms (including individual counsel) have all moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and alternatively 12(b)(6). While fully briefed, Mr. Emerick filed a motion for leave to file an amended complaint trying to remedy the issues raised in the dismissal motion. The law firms have argued the amendment's futility. This presiding judge, having been recently reassigned to the case, now GRANTS in part the motion to dismiss and GRANTS in part leave to amend the complaint.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Mr. Emerick's favor, the following facts emerge. Mr. Emerick retained Attorney M. Josh Petruniw on February 25, 2016 to represent him in his marriage dissolution case with Ms. Brenda Purdy. ECF 1 at 2. At the time, Attorney Petruniw was a partner with Tiede Metz Downs & Petruniw, P.C. ("Tiede"). *Id.* During this time, Albert Schlitt, an attorney with the same firm but at another Tiede office, offered

1

*pro bono* services to Ms. Purdy and eventually became her retained attorney in the subsequent annulment and dissolution of marriage cases between Mr. Emerick and Ms. Purdy.[1] *Id.*

The record does not reveal whether the husband and wife had consented to this representation after consultation, but presumably not. On April 13, 2018, in state court, Mr. Emerick filed a motion to disqualify Mr. Schlitt as Ms. Purdy's counsel claiming a conflict of interest from Tiede representing both Mr. Emerick and Ms. Purdy. *Id.* Twelve days later Mr. Schlitt filed a motion to withdraw as Ms. Purdy's counsel. *Id.* at 3.

It is this conflict of interest that Mr. Emerick alleges motivated several acts by defendants during the two cases. Mr. Emerick says the law firms abused process when they frivolously cancelled 8-18[2] hearings and depositions at the last minute, thus causing him over $12,800 in travel expenses and causing over $100,000 in damages from medical complications—a result of a herniated disc and spinal stenosis that he says his physician attributed to this unnecessary travel. *Id.* at 4.

Mr. Emerick further alleges the law firms used fraud to obtain the declaratory order issued in the annulment case against Ms. Purdy. *Id.* at 4-5. Mr. Emerick states that a fraudulent validation of his marriage (with an "unfiled marriage license") with Ms. Purdy has cost him money and loss of marital assets. *Id.* at 5.

Finally, Mr. Emerick alleges that defendants colluded with his new attorney Jack Johnston (who has not been named in this complaint) to obtain the declaratory order that validated his marriage to Ms. Purdy. Mr. Emerick alleges that the law firms and Johnston did so in order to "enrich each other in attorney fees." *Id.*

---

[1] Mr. Emerick originally pursued an annulment action in the Wabash Circuit Court. Cause No. 85C01-1604-DR-239; ECF 12-1. The court denied Mr. Emerick's motion for summary judgment in that case and granted Ms. Purdy declaratory judgment, finding their marriage was valid. ECF 12-1 at 1. Following the annulment proceedings, Mr. Emerick became the petitioner in a dissolution of marriage proceeding against Ms. Purdy. Cause No. 85C01-1609-DR-647.

[2] The original complaint alleges eight, while the proposed amended complaint alleges eighteen.

Mr. Emerick requests compensatory damages resulting from attorney fees, travel, emotional distress, and physical injuries and further requests punitive damages. *Id.* at 6.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court must use the same "plausibility" standard; therefore, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Mr. Emerick bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). Of course, because Mr. Emerick is a *pro se* plaintiff, the court must liberally construe his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

DISCUSSION

Mr. Emerick's complaint appears to adumbrate four main claims: (1) conflict of interest; (2) abuse of process; (3) fraud; and (4) attorney malpractice.[3] Because the law firms have challenged subject matter jurisdiction, the court begins there, as it must.

A.     Subject Matter Jurisdiction

The law firms argue that this court lacks jurisdiction over Mr. Emerick's claims under the *Rooker-Feldman* doctrine. This doctrine prohibits federal courts from reviewing state court decisions, recognizing that Congress has empowered only the United States Supreme Court to exercise appellate authority "to reverse or modify" a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005) (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The doctrine does not apply when a party merely "denies a legal conclusion that a state court has reached in a case to which he was a party." *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). It is not enough for a claim to be "inextricably intertwined" with the facts of the state court judgment; rather, the "vital question" posed by the doctrine is whether the plaintiff "seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018).

Federal courts retain jurisdiction to award damages for actions (e.g., fraud) that cause extrajudicial injury. *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) (district court had jurisdiction to hear a claim alleging out-of-court fraud that caused injury other than the state court judgment). So

---

[3] Liberally construing the *pro se* complaint, the allegations entitled "Collusion and Malfeasance" in both the operative complaint and the proposed amended complaint fit fraud or an abuse of process framework. ECF 1, 5 ("Defendants committed fraud in a willful act in the use of the process not proper in the regular conduct of the proceeding . . . .").

long as a plaintiff can assert an injury independent of the state court judgment, the district court's jurisdiction is not barred by *Rooker-Feldman*—"but only to the extent of dealing with that injury." *Id*. If the only injury stems from the state court's judgment, a federal court does not have jurisdiction. *See e.g., Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 605 (7th Cir. 2008) (district court lacked jurisdiction where the only injury was attorney fees awarded to the defendant in previous state court judgment).

Construed liberally, and appreciating that the focus of *Rooker-Feldman* is "what injury the plaintiff asks the federal court to redress," *Iqbal*, 780 F.3d at 730, Mr. Emerick's complaint seeks recovery for two types of injuries: (1) the Wabash Circuit Court order or orders awarding provisional maintenance and attorney fees, or depriving him of certain unnamed marital assets; and (2) the travel and medical expenses incurred due to the allegedly abusive cancellations.

This court lacks jurisdiction to hear any claims seeking relief for the first of these injuries. Mr. Emerick's claim is not unlike that in *Kelley*, 548 F.3d at 605, where the plaintiff alleged the defendant fraudulently procured the judgment for attorney fees. The plaintiff in *Kelley* was unable to establish an independent source of injury beyond the state court order; so too has Mr. Emerick failed to establish any extrajudicial injury related to his fraud claim. At times, in pleading his abuse of process claim, Mr. Emerick also seeks to redress this injury of attorney fees through the state court order. While Mr. Emerick states in his response that he "does not infer that [the decisions] were erroneous based upon the evidence presented nor should they be re-tried by this court" (ECF 15 at 1), his fraud claim and his abuse of process claim (the latter in part) do not point to a source of injury independent of the state court decisions, through which such alleged damage as attorney fees could only be imposed. *See Kelley*, 548 F.3d at 605.

Mr. Emerick does not cure this defect in his proposed amended complaint. He continues to allege fraud and abuse of process in the procurement of the provisional maintenance and attorney fees order; however, he does not point to an independent injury, aside from the order, he seeks to redress.

5

Because the *Rooker-Feldman* doctrine bars jurisdiction over these matters, Mr. Emerick's claims, to the extent they seek relief from the state court order, must be dismissed. Furthermore, because the proposed amended complaint would be futile in curing the jurisdictional deficiency, the motion for leave to amend is denied as it pertains to claims arising from the state court order, including fraud and abuse of process to the extent the abuse of process claim seeks recovery for provisional maintenance, attorney fees, or loss of marital assets.

This leaves Mr. Emerick's remaining injury—his travel and medical expenses incurred allegedly from the repeated cancellations. In his opening complaint, Mr. Emerick alleged claims of conflict of interest and abuse of process related to this injury. In his amended complaint, Mr. Emerick appears to have abandoned his abuse of process claim and now alleges the legal malpractice claims of conflict of interest, negligence, and breach of fiduciary duty relating to these injuries. These claims survive a jurisdictional analysis as they fall outside the narrow scope of *Rooker-Feldman*. The relief sought for these claims is like that in *Iqbal*—independent of the state court judgment. Insofar as Mr. Emerick's claims are based on the wasted travel expenses, medical costs, and emotional distress associated with his injuries, this court has jurisdiction.

    B.        12(b)(6) Motion and Futility Arguments

Because some of Mr. Emerick's claims survive a jurisdictional analysis, the court must now turn to the Rule 12(b)(6) portion of the motion to dismiss and the futility argument against the motion to amend. The law firms claim that all of Mr. Emerick's claims in his operative complaint fail to state a claim, thus making the amended complaint futile. The law firms, however, do not address how Mr. Emerick's claims of negligence and breach of fiduciary duty are futile, and this court will not guess at their arguments in contravention of a *pro se* plaintiff's right to liberal construction of his pleading or to amendment when justice so requires.

6

The law firms have hinged their arguments against all claims of legal malpractice on their denial of the existence of an attorney-client relationship between Mr. Emerick and the law firms or Mr. Schlitt individually. ECF 12 at 17-19. Accepting the well-pleaded facts as true, the court is not in the position at this stage to decide there was not an attorney-client relationship between the parties during the approximately two-year long representation of Ms. Purdy by Mr. Schlitt.

For instance, based on the pleadings, it appears that both Mr. Emerick and Ms. Purdy had an attorney-client relationship with the Tiede firm (where both of their lawyers worked), including during some portion of the dissolution action. Mr. Emerick alleges that he retained Mr. Petruniw on February 25, 2016, while Ms. Purdy retained Mr. Schlitt sometime in 2016. ECF 24-1 at 2. Mr. Schlitt withdrew as Ms. Purdy's attorney on April 25, 2018. *Id.* at 3. It is unclear from the complaints and briefs as to when exactly Mr. Emerick was represented by Mr. Johnston. By the time Mr. Schlitt withdrew as Ms. Purdy's counsel, Mr. Emerick was proceeding *pro se. Id.* Plausibly the cancellations occurred during a time of joint representation, and this record at the pleading stage does not permit the court to assume they were not. Because the court must accept as true that Mr. Emerick did indeed have an attorney-client relationship with Tiede while Mr. Schlitt, one of its attorneys, concurrently represented Ms. Purdy and because the record fails to show the precise dates of the alleged cancelled hearings and depositions, it is plausible from the pleadings that the cancellations occurred during the concurrent representation.

The defendants have also argued that Mr. Emerick cannot bring a conflict of interest claim as there is no private right action for this claim outside of a disciplinary hearing. The defendants would be correct if Mr. Emerick had brought this claim alone and not in conjunction with independent torts (*e.g.*, negligence and breach of fiduciary duty). *See, e.g., CRIT Corp. v. Wilkinson*, 92 N.E.3d 662, 667 (Ind. Ct. App. 2018) (holding that a violation of the Indiana Rules of Professional Conduct can be

used as evidence of a breach of duty if it is paired with an independent common law basis). Accordingly, the motion to dismiss this claim must be denied at this stage.

CONCLUSION

This court lacks jurisdiction over any claim by Mr. Emerick arising from the state court order relating to provisional maintenance, marital assets, and attorney fees as the source of his injury. This includes the fraud claim in its entirety and the abuse of process claim to the extent it seeks to redress this injury. Concerning these claims, the court GRANTS the motion to dismiss and DENIES the motion for leave to amend due to futility. ECF 11, 24.

To the extent that Mr. Emerick seeks to redress his travel costs, medical expenses, or emotional damages for the 8-18 cancellations or other alleged procedural abuses under the guise of negligence, conflict of interest, breach of fiduciary duty, or legal malpractice, he may do so beyond this pleading stage based on his amended complaint. In these respects only, the court GRANTS the motion for leave to amend and DENIES the motion to dismiss. ECF 24, 11.

SO ORDERED.

September 17, 2019                              *s/ Damon R. Leichty*
                                                Judge, United States District Court